## HOTEL DEL CORONADO CORPORATION, Plaintiff-Appellant,

v.

## FOODSERVICE EQUIPMENT DISTRIBUTORS ASSOCIATION, Defendant-Appellee.

No. 85–5674.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1985.

Decided Jan. 10, 1986.

Filed March 3, 1986.

A.J. Zafis, Coronado, Cal., for plaintiff-appellant.

Michael T. Reid, Halpenny, Hahn & Roche, Chicago, Ill., for defendant-appellee.

Before BROWNING, Chief Judge, WIGGINS and BRUNETTI, Circuit Judges.

PER CURIAM:

The Hotel del Coronado appeals the district court's grant of summary judgment to the Foodservice Equipment Distributors Association ("FEDA") on the Hotel's claim for breach of contract arising from FEDA's cancellation of convention reservations at the Hotel. We reverse for trial.

The basis for the contract claim is a "proposal letter" sent by Gayne Kinsey, the Hotel's sales representative, to William Englehaupt, the executive director of FEDA, on July 12, 1979. The letter confirmed the reservation by the Hotel of 240 guest rooms for March 2 through 8, 1984 for FEDA's convention. It listed current rates but stated firm rates would be quoted one year before the meeting. It concluded:

> If your plans are firm and the foregoing meets with your approval, we ask that you sign the enclosed copy of this letter in the space provided and return it to the undersigned. This will serve as notice to the Hotel del Coronado of your approval of the arrangements, terms and provisions set forth herein and your agreement to have your meeting here. Until such time, these arrangements are tentative only.

On July 20, 1979, Mr. Englehaupt signed the copy on behalf of FEDA and returned it to the Hotel. On July 31, 1979, Mr. Kinsey wrote, "All arrangements previously acknowledged have now been seen [sic] aside on a definite basis to accommodate your meeting."

Three and a half years later, in mid-February 1983, the executive committee of FEDA approved a change in site of the March 1984 meeting to Maui, Hawaii. On March 1, 1983, a year and a day before FEDA's scheduled stay at the Hotel, Mr. Englehaupt advised the Hotel of FEDA's cancellation.

The Hotel filed this diversity action alleging breach of contract, intentional misrepresentation, promise made without intent to perform, breach of implied covenant of good faith and fair dealing, and negligent misrepresentation. The trial court granted summary judgment for FEDA on all claims.[1] The Hotel appeals the judgment only as to the contract claim. As to this claim the district court held that because the signed proposal letter did not establish price or terms and method of payment, it should be interpreted only as an agreement to agree in the future and therefore unenforceable.

If an essential element of a promise is reserved for future agreement by both parties there is no legal obligation until such future agreement is made. *Coleman Engineering Co. v. North American Aviation, Inc.*, 65 Cal.2d 396, 405, 420 P.2d 713, 719, 55 Cal.Rptr. 1, 7 (1966). However, if the term awaiting future agreement is not essential, " 'each party will be forced to accept a reasonable determination of the unsettled point or if possible the unsettled point may be left unperformed and the remainder of the contract be enforced.' " *Id.*, 420 P.2d at 720, 55 Cal.Rptr. at 8 (quoting *City of Los Angeles v. Superior Court*, 51 Cal.2d 423, 433, 333 P.2d 745, 750 (1959) ).

FEDA contends that because the room rates were reserved for future agreement, as a matter of law the proposal letter is only an agreement to agree. We disagree, for two reasons.

First, we cannot conclude that the price term was essential to the agreement as a matter of law. Whether a term is essential " 'depends upon the relative importance and the severability of the matter left to the future; it is a question of degree ....' " *Id.* 65 Cal.2d at 417, 420 P.2d at 727, 55 Cal.Rptr. at 15. (quoting *City of Los Angeles v. Superior Court*, 51 Cal.2d 423, 433, 333 P.2d 745, 750 (1959)). The importance of a term may depend in part on the intentions of the parties. *Id.*, 65 Cal.2d at 417, 420 P.2d at 727, 55 Cal.Rptr. at 15 (Traynor, C.J., dissenting). FEDA's selection of a luxury hotel as the site for its convention suggests that room rates were not an essential consideration. Mr. Englehaupt confirmed this interpretation in his deposition, stating that in the selection of the Hotel as the meeting site, the Hotel's rates were "a very minor part of any consideration, if at all."

Second, the Hotel argues that price was not an omitted term because by signing the proposal letter FEDA bound itself to pay whatever the Hotel chose in good faith to charge a year before the scheduled stay. We cannot conclude that this interpretation is incorrect as a matter of law, especially in light of the evidence that room rates were not an essential consideration. Under California law a contract is not void simply because it gives one party discretionary power to fix the ultimate price to be paid, provided the party's interest is known and there is no bad faith. *California Lettuce Growers, Inc. v. Union Sugar Co.*, 45 Cal.2d 474, 484, 289 P.2d 785, 792 (1955); *see also Automatic Vending Co. v. Wisdom*, 182 Cal.App.2d 354, 357–58, 6 Cal. Rptr. 31, 33 (1960); *Lazar v. Hertz Corp.*, 143 Cal.App.3d 128, 141, 191 Cal.Rptr. 849, 857 (1983); Cal.Civ.Code § 1611 (Deering 1971). *But see Alaimo v. Tsunoda*, 215

---

**1.** Because the Hotel also moved for summary judgment, FEDA contends the Hotel is precluded from arguing that there are disputed issues of material fact. This argument is groundless. *See Starsky v. Williams*, 512 F.2d 109, 112 (9th Cir.1975).

Cal.App.2d 94, 99, 29 Cal.Rptr. 806, 808 (1963).

■ FEDA also argues that the agreement is unenforceable as a matter of law because the proposal letter did not contain a provision concerning the terms and method of payment. Since the proposal contained no provision with respect to these matters, reasonable terms may be implied. *See California Lettuce Growers*, 45 Cal.2d at 481–82, 289 P.2d at 790.

■ Finally, FEDA contends the agreement should be interpreted to include a clause implied from industry practice allowing cancellation up to a year prior to the scheduled stay, and that in view of this implied condition the agreement was not breached. Neither side is entitled to summary judgment on this issue. Although there was evidence of the existence of such an industry practice, there was also evidence that cancellation policies varied from hotel to hotel.

FEDA's other contentions are meritless.

REVERSED.